UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

DAMON MCCORMICK                                                                           PLAINTIFF

v.                                                                   CIVIL ACTION NO. 4:19-CV-P5-JHM

AMY BRADY *et al*.                                                                      DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Damon McCormick filed the instant *pro se* action under 42 U.S.C. § 1983. On May 7, 2019, the Court entered an Order directing Plaintiff to file one superseding amended complaint on a Court-supplied 42 U.S.C. § 1983 form containing all of his claims regarding his most recent incarceration at Henderson County Detention Center (DN 23). That Order advised Plaintiff that his superseding amended complaint would replace his original complaint (DN 1) and the subsequent documents he had filed in this action (DNs 5, 6, 7, 10, 11, 13, 15, 18, & 21) and that the Court would conduct an initial review of the superseding amended complaint only. On May 20, 2019, Plaintiff filed a motion which the Court construed as a motion to reconsider that Order. On June 24, 2019, the Court entered an Order denying Plaintiff's motion to reconsider but providing Plaintiff with an additional 30 days to comply with DN 23 by filing one superseding amended complaint (DN 27).

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support

leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with a straightforward order, despite being warned that dismissal would occur without compliance, shows that Plaintiff has abandoned any interest in prosecuting this action. Therefore, this action will be dismissed by separate Order.

Date: August 14, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
 Henderson County Attorney
4414.011